# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

EDDIE M. LACKEY,

        Petitioner,   :   Case No. 3:16-cv-458

  - vs -                    District Judge Walter Herbert Rice
                              Magistrate Judge Michael R. Merz

WARDEN, London Correctional
Institution

                           :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's objections (ECF No. 15) to the Magistrate Judge's Report and Recommendations recommending that the Petition be dismissed with prejudice (ECF No. 14). District Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 16).

Mr. Lackey pleaded the following Grounds for Relief:

> **GROUND 1:** The Trial Court violated Petitioner's Fifth, Sixth, and Fourteenth Amendment rights when it amended the B. indictment and denied Judgment of Acquittal due to insufficient evidence to establish Petitioner's identity.
>
> **GROUND 2:** Due Process and Equal protection violated by allowing conviction based on testimony of co-conspirator alone.
>
> **GROUND 3:** Violation of Due process and equal rights by allowing a conviction using prejudicial evidence.
>
> **GROUND 4:** Second Appellate District violated due process and equal protection when Judicial and Prosecutorial misconduct committed.

(Petition, ECF No. 1.)

**Procedural Default**

The Report recommends that all claims except the amendment to the indictment portion of Ground One be dismissed as procedurally defaulted (ECF No. 14, PageID 1098-1101).

The Objections read this portion of the Report as asserting Mr. Lackey has failed to exhaust these claims (ECF No. 15, PageID 1110-11). That, however, is not the recommended holding. Rather, the Report finds these claims were procedurally defaulted. If the difficulty were lack of exhaustion, the Court could hold the habeas proceedings in abeyance and allow Mr. Lackey to return to state court to exhaust. *Rhines v. Weber*, 544 U.S. 269 (2005). Unlike a failure to exhaust, however, a procedural default results from a failure to present a claim to the state courts when there is no longer an available state court remedy. "A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

Here, all of Mr. Lackey's claims except the portion of Ground One that relates to the amendment of the indictment could have been presented on direct appeal but were not. Under Ohio law that means they could not later be raised in any other post-judgment proceeding. *State v. Perry*, 10 Ohio St. 2d 175 (1967).

Federal habeas law allows a petitioner to excuse a procedural default – such as failure to

present a claim on direct appeal – if he or she can show cause for and prejudice from the default. *Wainwright v. Sykes*, 433 U.S. 72 (1977). Attorney error amounting to ineffective assistance of counsel in a proceeding in which one is constitutionally entitled to such assistance, such as a direct criminal appeal, can constitute cause. *Murray v. Carrier*, 477 U.S. 478, 485 (1986). However, before ineffective assistance of appellate counsel can be held to constitute cause, that claim must itself be properly presented to the state courts. *Edwards v. Carpenter*, 529 U.S. 446 (2000). A claim of ineffective assistance of appellate counsel is itself subject to procedural default if it is not properly presented. Here Mr. Lackey presented his claim of ineffective assistance of appellate counsel to the Second District Court of Appeals by an application for reopening of the direct appeal under Ohio R. App. P. 26(B). But, as the Second District held, he procedurally defaulted that claim by filing the 26(B) application outside of the allowed time. *State v. Lackey*, Case No. 28293 (Ohio App. 2d Dist. Jun 28, 2016)(unreported, copy at ECF No. 8, PageID 284, et seq), appellate jurisdiction declined, *State v. Lackey*, 146 Ohio St. 3d 1516 (2016).

Mr. Lackey's claims in the Objections (ECF No. 15, PageID 1111) that the Ohio Supreme Court has instructed the Ohio courts of appeals to consider plain error is not applicable because that standard does not override the time limitations for a Rule 26(B) application. Mr. Lackey also adverts to the "fundamental miscarriage of justice" excuse for procedural default (*Id.*), but that exception only applies to a petitioner who has produced new reliable evidence of his or her actual innocence, which has not happened here. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), *citing Schlup v. Delo*, 513 U.S. 298 (1995).

**Improper Amendment of the Indictment**

The Report recommended that the one non-defaulted claim in the Petition – that the indictment had bene improperly amended at trial – be dismissed on the merits (Report, ECF No. 14, PageID 1101-09). The Indictment had charged Lackey with conspiring to commit arson during the period April 8 through April 12, 2013. On motion of the State, that period was limited to April 8-9, 2013. The Report found

> The effect of the amendment 1 to the B indictment was to narrow the dates of the alleged conspiracy. The Second District found this made the notice to Mr. Lackey more precise. He does not advise the Court why this would have made it more difficult for him to defend, nor did he ask for a continuance to adjust his defense.

*Id.* at PageID 1108.

In his Objections, Mr. Lackey conflates arguments under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution with arguments about his Ohio constitutional right to be charged by indictment (Objections, ECF No. 15, PageID 1111-13). His principal reliance is on *State v. Vitale*, 96 Ohio App. 3d 695 (8th Dist. 1994). In that case the Eighth District found the Cuyahoga County Court of Common Pleas violated Ohio R. Crim. P. 7(D) when it allowed an amendment to change the date of the offense from "June 14, 1991," to "June 14 through June 21, 1991." *Id.* at 699. The Eighth District concluded the issue was not whether Vitale had been surprised – whether he had adequate notice – but whether "he was convicted on the same evidence on which he was indicted." *Id.* at 700. The court's ruling is clearly based on a defendant's right under Ohio law to be tried on the same offense for which he was indicted. But that is an Ohio right only. As the Report notes, the Grand Jury Clause of the Fifth Amendment has never been extended to the States (ECF No. 14, PageID 1107, citing *Hurtado v. California*,

4

110 U.S. 516 (1884); *Branzburg v. Hayes*, 408 U.S. 665, 687-88 n. 25 (1972); and *Gerstein v. Pugh*, 420 U.S. 103 (1975)).

The Report also notes that Mr. Lackey had a due process right to be given fair notice of the charges against him. *Id.* at PageID 1108. A claim of violation of this constitutional right was presented to the Second District Court of Appeals along with Mr. Lackey's other claims about how the amendment violated his rights. The Second District decided that claim on the merits. *State v. Lackey*, 2015-Ohio-5492, 55 N.E. 3d 613, 2015 Ohio App. LEXIS 5308 (2nd Dist. Dec. 29 2015). As Mr. Lackey conceded in his Traverse and as the Report found, this Court must defer to that decision unless Mr. Lackey can show that it involved an unreasonable application of clearly established United States Supreme Court precedent. 28 U.S.C. § 2254(d)(1). This Mr. Lackey has not done. As noted, his principal reliance is on *Vitale*, an Ohio appellate decision which in itself does not rely on the Sixth Amendment right to fair notice.

Logically, if Mr. Lackey was prepared to defend against a claim that he conspired from June 8 through June 13, how could he be unprepared to defend against a small portion of that time? He has not argued he was unprepared, but relies on the formality of the change of dates, not accounting for the fact that it was a constriction of dates.

**Conclusion**

Having reconsidered the Report in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous

5

and therefore should not be permitted to proceed *in forma pauperis*.

May 31, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).