IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDDIE M. LACKEY,

    Petitioner,

v.

WARDEN, London Correctional Institution,

    Respondent.

Case No. 3:16-cv-458

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #14) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #17); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. ##15, 20); DISMISSING WITH PREJUDICE PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS (DOC. #1); DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; TERMINATION ENTRY

---

    Based on the reasoning and citations of authority set forth by United States Magistrate Judge Michael M. Merz in his initial and Supplemental Reports and Recommendations, Docs. ##14, 17, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filings in their entirety.

    Petitioner's Objections thereto, Docs. ##15, 20, are OVERRULED. Magistrate Judge Merz properly concluded that all of Petitioner's grounds for relief, except for portion of the First Ground for Relief alleging improper amendment of

the indictment, are procedurally defaulted, and that raising them in an untimely Rule 26(B) application does not cure that defect. Given that Petitioner has not produced new evidence of his actual innocence, the "fundamental miscarriage of justice" excuse for procedural default is inapplicable.

Petitioner maintains that the Fifth Amendment's guarantee of indictment by a grand jury is made applicable to the states through Section 10, Article I of the Ohio Constitution, which requires a grand jury indictment for "a capital, or otherwise infamous crime." Magistrate Judge Merz correctly concluded otherwise. The Grand Jury Clause of the Fifth Amendment has never been extended to the States. *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes*, 408 U.S. 665, 687-88 n.25 (1972). Because Petitioner has no federal constitutional right to a grand jury indictment in state court, any claim that his Fifth Amendment rights were violated when the trial court allowed the indictment to be amended to narrow the dates of the alleged conspiracy is not cognizable in habeas corpus.

Magistrate Judge Merz also correctly concluded that Petitioner failed to show that the state appellate court's treatment of Petitioner's Sixth Amendment claim, concerning his right to fair notice of the charges against him, was contrary to or an unreasonable application of clearly established Supreme Court precedent. As the appellate court explained, amending the indictment to *narrow* the timeframe of the alleged conspiracy in this case did not change the identity of the offense. Moreover, there is no evidence that it in any way hindered Petitioner's ability to defend against the charge.

For the reasons set forth above, the Petition for Writ of Habeas Corpus, Doc. #1, is DISMISSED WITH PREJUDICE.

Judgment shall be entered in favor of Respondent and against Petitioner.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: June 26, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE